UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRISTEN SARNOSKI,             : CIVIL NO: 3:12-CV-00502
                              :
          Plaintiff           :
                              : (Judge Caputo)
     v.                       :
                              : (Magistrate Judge Smyser)
LACKAWANNA PROBATION DEPARTMENT,:
JOSEPH MECCA and VALERIE BLACK, :
                              :
          Defendants          :

**<u>REPORT AND RECOMMENDATION</u>**


     The prisoner plaintiff in this case claims that the
defendants falsified documents.  We have reviewed the complaint
in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that
it fails to state a claim upon which relief may be granted.  We
also conclude that one of the named defendants is entitled to
Eleventh Amendment immunity.  Thus, we will recommend that the
complaint be dismissed and that the case file be closed.



I. Background and Procedural History.


     The plaintiff is a state prisoner proceeding *pro se*.
She commenced this 42 U.S.C. § 1983 case by filing a complaint.

She also filed an application for leave to proceed *in forma pauperis,* which by a separate order we granted*.*

The plaintiff names the following as defendants: (1) the Lackawanna County Adult Probation and Parole Office (LCAPP); (2) Joseph Mecca, the Director of the LCAPP; and (3) Valerie Black, a parole officer with the LCAPP.  She alleges that the defendants put a fictitious possession charge on her PSI and falsified the number of PFA arrests and parts of the victim's statement.  She is seeking compensatory damages.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels,

conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

4

This is a 42 U.S.C. § 1983 case.  "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff alleges in conclusory terms that the defendants falsified information in connection with her PSI.

"[I]t is well settled that a defendant has a due process right to be sentenced based upon accurate information." *United States v. Nappi,* 243 F.3d 758, 763 (3d Cir. 2001). "[T]he test to evaluate whether a sentence has been based on

criteria violative of a defendant's due process right is two-fold: (1) has misinformation of a constitutional magnitude been given to the [court]; and (2) has that information been given specific consideration by the sentencing judge?" *United States v. Matthews,* 773 F.2d 48, 51 (3d Cir. 1985).

In this case, the plaintiff alleges in conclusory terms that the defendants falsified information on her PSI.  But she has not alleged facts from which it can reasonably be inferred that the sentencing judge relied on the alleged inaccurate information in the PSI.  Thus, she fails to state a due process claim upon which relief may be granted.

Even if the plaintiff had alleged that the sentencing court relied on the inaccurate information, her claim would be barred by the reasoning of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

6

a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." ).  The Supreme Court has explained that a "§ 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).  In order for the plaintiff to succeed on her due process claim based on inaccurate information in her PSI, she would necessarily have to establish that her sentence was affected by the inaccurate information.  Success on the plaintiff's claim would necessarily demonstrate the invalidity of the duration of her confinement.  Accordingly, any such claim is barred unless or until her sentence has been invalidated.  The plaintiff has not alleged that her sentence has been invalidated, and given that

she is still incarcerated it is not reasonable to assume that
it has.

In addition to the above, the claim against the LCAPP
is barred by the Eleventh Amendment because the LCAPP is a part
of the Commonwealth's Unified Judicial System. *See Haybarger v.
Lawrence County Adult Probation and Parole,* 551 F.3d 193, 198
(3d Cir. 2008)("Pennsylvania's judicial districts, including
their probation and parole departments, are entitled to
Eleventh Amendment immunity.").

Before dismissing a complaint for failure to state a
claim upon which relief may be granted under the screening
provisions of 28 U.S.C. § 1915A, the court must grant the
plaintiff leave to amend her complaint unless amendment would
be inequitable or futile. *See Grayson v. Mayview State
Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  In this case,
amendment would be futile.

IV.   Recommendations.


        Based on the foregoing, it is recommended that the
complaint be dismissed and that the case file be closed.



                                        /s/ J. Andrew Smyser
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated: April 11, 2012.