**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KRISTEN SARNOSKI,

    Plaintiff,

        v.

LACKAWANNA PROBATION
DEPARTMENT, JOSEPH MECCA, and
VALERIE BLACK,

    Defendants.

CIVIL ACTION NO. 3:12-CV-0502

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court are Magistrate Judge Smyser's Report and Recommendation and Plaintiff Kristen Sarnoski's objections. Magistrate Judge Smyser recommends that Ms. Sarnoski's complaint be dismissed without leave to amend. Because Ms. Sarnoski's complaint is barred under the favorable termination rule, the Report and Recommendation will be adopted. Ms. Sarnoski's complaint will be dismissed without leave to amend.

### I. Background

Plaintiff Kristen Sarnoski filed this action in the Middle District of Pennsylvania on March 20, 2012 against Defendants Lackawanna County Probation Department, Joseph Mecca, and Valerie Black. Both Mr. Mecca and Ms. Black are employees of the Lackawanna County Probation Department.

Ms. Sarnoski drafted her complaint using the Form to Be Used by a Prisoner in Filing a Civil Rights Complaint. She alleges that the Defendants falsified her presentence investigative report in three ways: (1) adding a fictitious possession charge; (2) incorrectly

listing the number of times she was arrested for violating a Protection from Abuse Order; and (3) falsifying parts of a victim's statement.

Magistrate Judge Smyser reviewed Ms. Sarnoski's complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides that for proceedings in forma pauperis:

> [T]he court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

On April 11, 2012, Magistrate Judge Smyser filed the instant Report and Recommendation to dismiss Ms. Sarnoski's complaint with prejudice. Ms. Sarnoski filed objections on April 25, 2012. Thus, the Report and Recommendation is ripe for disposition.

## II. Legal Standard

### A.   Objections to the Magistrate Judge's Report

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*,

2

474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are

sufficiently alleged." *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). Although the standards of pleading are more liberal for *pro se* litigants like Ms. Sarnoski, "*pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Ireland v. McDaniel*, No. 10-387, 2011 WL 860390, at *2 (W.D. Pa. Jan. 27, 2011) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996)).

### III. Analysis

Magistrate Judge Smyser recommended the dismissal of Ms. Sarnoski's complaint on three grounds. First, he found that she failed to state a claim upon which relief can be granted. Second, he determined that her complaint was barred under the favorable termination rule. Finally, he concluded that the Lackawanna Probation Department is immune from suit under the Eleventh Amendment.

### 1. Failure to State a Claim

Magistrate Judge Smyser correctly determined that Ms. Sarnoski's complaint contains insufficient factual allegations to state a claim. The form filled out by Ms. Sarnoski asked for "the facts" of the case, including a description of "how each defendant is involved, including dates and places." It allowed Ms. Sarnoski to attach three extra sheets. Nevertheless, Ms. Sarnoski wrote a one-sentence conclusory allegation that did not contain supporting facts about the actions of the Defendants. This is insufficient to state a claim under Federal Rule of Civil Procedure 8(a). However, Ms. Sarnoski explains that she misunderstood the form, and in her objections, she provides greater factual detail to support

her claim. Generally, where a plaintiff in a civil rights case fails to provide sufficient facts to state a claim, a court will allow the plaintiff to amend the complaint. *See Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1995). However, where amendment would be futile, the court need not grant leave. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). As will be discussed below, Ms. Sarnoski's claim is barred under the favorable termination rule, so she will not be granted leave to amend her complaint to allege the supporting facts.

### 2. Favorable Termination Rule

Ms. Sarnoski brings a civil rights claim against state officials, and thus her claim falls under 42 U.S.C. § 1983.  42 U.S.C. § 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or any other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999)  (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Ms. Sarnoski's claim must be dismissed, however, because it is improper under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In *Heck v. Humphrey*, the Supreme Court held that if the success of a § 1983 damages suit brought by a prisoner "would necessarily imply the invalidity of his conviction or sentence," the prisoner may only bring the claim where the conviction or sentence has been invalidated. *Id.* at 484. This holding has been referred to as the "favorable termination rule." *See Torres v. Fauver*, 292 F.3d 141, 147 (3d Cir. 2002).

5

Here, Ms. Sarnoski argues that her presentence investigative report contains falsified information. If she were to successfully prove this claim, that would mean that her current sentence is invalid. Therefore, under *Heck*, she may only bring this claim once her conviction has been invalidated. Ms. Sarnoski is currently awaiting the disposition of a direct challenge to her sentence under the Post Conviction Relief Act, 42 Pa. Stat. Ann. § 9501 *et seq*. If there is a favorable termination in Ms. Sarnoski's post-conviction action–in other words, if her conviction is invalidated–she may again bring a civil rights suit for damages under § 1983. Until the conviction is invalidated, however, she may not bring such a claim. Therefore, her complaint will be dismissed.

### 3. Sovereign Immunity

Even if Ms. Sarnoski could properly bring a § 1983 claim, she could not assert such a claim against the Lackawanna County Probation Department because it is immune from suit under the Eleventh Amendment. The Supreme Court has interpreted the Eleventh Amendment as precluding suits by citizens against a state government. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 662-63 (1974); *see also* U.S. Const. amend. XI. The Eleventh Amendment also bars suits against state entities, and the Third Circuit Court of Appeals has specified that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Therefore, Ms. Sarnoski cannot bring suit against the Lackawanna County Probation Department.

### IV. Conclusion

For the reasons stated above, Magistrate Judge Smyser's Report and Recommendation will be adopted. Ms. Sarnoski's complaint will be dismissed. An appropriate order follows.


 June 14, 2012                                              /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                           United States District Judge